UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT RONALD ZEITLER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:16-cv-00862-EJD<br><br>**ORDER DENYING MOTION TO AMEND JUDGMENT**<br><br>Re: Dkt. No. 24 |

### I. INTRODUCTION

The instant action originally seeking review of a benefits denial returns post-judgment. Though Plaintiff Scott Ronald Zeitler successfully argued for reversal of the Commissioner of Social Security's adverse final decision, he now contends the court manifestly erred in certain aspects of its ruling in his favor, and seeks relief pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 24. The Commissioner opposes.

This matter is suitable for decision without oral argument. Civ. L.R. 7-1(b). Revisiting the summary judgment order in conjunction with Plaintiff's current arguments, the court is unable to find error justifying extraordinary relief. Plaintiff's motion will therefore be denied for the reasons that follow.

### II. LEGAL STANDARD

This motion arises under Rule 59(e) because no trial occurred in this action. Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) (holding that "reconsideration of summary judgment is appropriately brought under . . . Rule 59(e)").

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:

Case No.: 5:16-cv-00862-EJD
ORDER DENYING MOTION TO AMEND JUDGMENT
1

(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Importantly, a Rule 59(e) motion has certain limitations. Though it permits the district court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Moreover, relief under Rule 59(e) is "extraordinary" and "should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

## III. DISCUSSION

Invoking the first and third grounds for relief under Rule 59(e), Plaintiff argues the court erred by remanding this action for further administrative proceedings before the Commissioner rather than remanding for the payment of benefits under the "credit-as-true" rule. Plaintiff also argues the court did not properly "weigh" the testimony of the vocational expert against the Commissioner's decision. These arguments are unpersuasive.

### A. Manifest Error and Manifest Injustice

To succeed on a theory that the court manifestly erred, a moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010). "'Mere doubts or disagreement about the wisdom of a prior decision' is insufficient to warrant granting a Rule 59(e) motion." Garcia v. Biter, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting Campion v. Old Repub. Home Protection Co., Inc., No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)). Rather, "[a]rguments that a court was in error on the issues it considered

should be directed to the court of appeals." Defs. of Wildlife v. Browner, 909 F. Supp. at 1342, 1351 (D. Ariz. 1995).

Showing "manifest injustice" requires the presentation of something similar. Indeed, district courts have defined "manifest injustice" as "'an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.'" Cummings v. Starbucks Corp., No. CV-12-06345-MWF (FFMx), 2014 WL 12597110, at * (C.D. Cal. May 27, 2014) (quoting In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)).

**B. "Credit-as-True" Rule**

**i. Governing Authority**

Generally, the "credit-as-true" rule "permits, but does not require, a direct award of benefits on review but only where the administrative law judge (ALJ) has not provided sufficient reasoning for rejecting testimony and there are no outstanding issues on which further proceedings in the administrative court would be useful." Leon v. Berryhill, 874 F.3d 1130, 1131 (9th Cir. 2017). What is usually credited as true under the rule is the claimant's testimony on the severity of his or her symptoms, but medical opinions may also receive similar treatment. Id.; Hammock v. Bowen, 879 F.2d 498, 503 (9th Cir. 1989) (extending the "credit-as-true" rule to medical opinions). Once evidence is credited, "the court should then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of [the] proceeding." Id. at 1131-32 (internal quotation marks omitted). "Then, *and only under these circumstances*," may an award of benefits be appropriate. Leon, 874 F.3d at 1131 (emphasis added). In fact, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." Id. at 1132.

As the Ninth Circuit recently reiterated, determining whether to apply the "credit-as-true" rule involves three steps:

- First, the court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is testimony from the claimant testimony

Case No.: 5:16-cv-00862-EJD
ORDER DENYING MOTION TO AMEND JUDGMENT
3

1                    or a medical opinion.

2        - Second the court must determine whether there are outstanding issues that must be

3           resolved before a disability determination can be made and whether further

4           administrative proceedings would be useful on that issue.

5        - Third, if the first two conditions are satisfied, the discredited testimony or opinion

6           is instead credited as true for the purpose of determining whether, on the record

7           taken as a whole, there is no doubt as to disability.

8   Id. at 1132-33; accord Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014)..

9          The Ninth Circuit has also emphasized, however, that the "credit-as-true" analysis "may

10  result in a direct award of benefits only if the first two conditions are satisfied and further

11  administrative proceedings would not be useful." Leon, 874 F.3d at 1133. Even if the analysis

12  proceeds to the third step, "it is within the court's discretion either to make a direct award of

13  benefits or to remand for further proceedings." Id.

14          **ii.  Application**

15          A close review of Plaintiff's pleadings, both current and former, reveals the reasons why

16  applying the "credit-as-true" rule to this record would be improper.

17          Procedurally, the court cannot oblige Plaintiff's request to examine, through a

18  reconsideration of summary judgment, a substantial legal doctrine that could have been argued in

19  Plaintiff's original papers but was not. Neither Plaintiff's dispositive motion nor his response to

20  the Commissioner's cross-motion explained why the case should be remanded for a calculation of

21  benefits under the three steps used to apply the "credit-as-true" rule. Instead, Plaintiff made an

22  unadorned request for an order directing payment of benefits, even after the Commissioner

23  devoted several paragraphs to arguing against Plaintiff's request in opposition. That is not enough

24  to preserve the issue for reexamination under Rule 59(e), because it is plain that Plaintiff had

25  adequate opportunity to make his "credit-as-true" arguments prior to the court's decision on

26  whether and how the case should be remanded. See Exxon Shipping Co., 554 U.S. at 485 n.5; see

27  also Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a Rule

Case No.: 5:16-cv-00862-EJD
ORDER DENYING MOTION TO AMEND JUDGMENT
4

59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Indeed, much like the Commissioner, Plaintiff could have conducted an analysis of the issue by presuming for the sake of argument that his motion would prevail and the benefits denial reversed.

But putting the procedural deficiency aside, the request nonetheless fails on its substance. Even if the decision on summary judgment satisfies the first step of the "credit-as-true" analysis, the second step cannot be overcome. That level of the analysis requires a determination of "whether the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps." Leon, 874 F.3d at 1134 (citing Treichler, v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014); Dominguez v. Colvin, 808 F.3d 403, 410 (9th Cir. 2015)). "When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary." Id. (citing Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).

Here, the court found the ALJ improperly assessed the opinions of Plaintiff's treating physicians when deciding to assign them little weight, and neglected to fully explain why Plaintiff did not meet the criteria of Listing 12.06. Several reasons for error were noted, but each represents one point within the same theme; that is, the ALJ's written decision did not reflect a full and accurate consideration of all of the evidence, both for and against a disability finding. To be sure, this court must conduct its review by examining the entire record and not simply the evidence cited by the ALJ to support a finding of non-disability (Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007)), and cannot affirm if the ALJ ignored important evidence without explanation. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Because the ALJ's decision was problematic when evaluated under this framework, it had to be reversed.[1]

---

[1] The Commissioner misinterprets this court's reliance on the pre-amendment version of the 9th Circuit's decision in Trevizo v. Berryhill, 871 F.3d 664 (9th Cir. 2017). As relevant here, the 9th Circuit held in Trevizo that "[w]hen a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." 871 F.3d at 675. Applying Trevizo as "law of the

Case No.: 5:16-cv-00862-EJD
ORDER DENYING MOTION TO AMEND JUDGMENT
5

However, that decision does not mean there are no outstanding issues on the question of whether Plaintiff was disabled. Assessment of the medical evidence remains an open issue even after the summary judgment proceedings, since this is not a rare case where "the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits." Leon, 874 F.3d at 1135. Rather, this record contains inconsistent evidence of disability, albeit from different categories of doctors. The Commissioner may permissibly reject the reports of Plaintiff's treating physicians, even if not contradicted by other substantial medical evidence, but only by articulating clear and convincing reasons for doing so, supported by substantial evidence. See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence."). On remand, the ALJ must re-engage review of the entire record in a manner consistent with the court's findings and re-weigh the medical evidence. Depending on the outcome of that review, the ALJ must provide legally-cognizable reasons for rejecting any of the opinions provided by Plaintiff's treating physicians, and must cite the corroborating evidence supporting the opinions of non-treating doctors if the ALJ finds those opinions should be credited.[2]

---

circuit" (In re Zermeno-Gomez, 868 F.3d 1048, 1052 (9th Cir. 2017)), the court found the ALJ's treatment of these factors in the written decision was superficial because it focused too restrictively on one factor without acknowledging the others despite a considerable amount of unreferenced but relevant evidence, and despite the ALJ's perfunctory statement that he considered "the requirements of 20 C.F.R. § 404.1527." Contrary to how the Commissioner has framed this portion of the summary judgment order, the court did not state or even imply that specific findings on each factor were required in every case in light of Trevizo. The court merely perceived the ALJ *in this case* disregarded "'significant probative evidence' without explanation" when assessing the medical evidence (Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)), which is reversible error under Trevizo and cases that precede it. 871 F.3d at 676. The Commissioner surely cannot quarrel with that concept, and cannot reasonably advocate for the acceptance of a formulaic "I reviewed everything" statement from the ALJ when that statement is belied by the record.

[2] Plaintiff argues the "credit-as-true" rule must be applied because the court found no evidence corroborating the opinions of the non-treating doctors relied on by the ALJ. Not so. The court reviewed the reasons provided by the ALJ (Garrison, 759 F.3d at 1010), and found they did not recite valid corroborating factors that would justify accepting the opinion of a non-treating doctor

In short, further administrative proceedings would be useful because this record is not one that is free from conflicts in the evidence on the issue of disability. Thus, Plaintiff has not shown the remand order was the result of manifest error or constitutes a manifest injustice. He is not entitled to Rule 59(e) relief based on the "credit-as-true" rule.

### C. Vocational Expert's Testimony

Plaintiff argues the court failed to "weigh" the vocational expert's testimony, made in response to questions posed by his counsel, which indicated that Plaintiff could not work under certain assumptions. As Plaintiff recognizes, however, those assumptions only arise if the opinions of his treating physicians are credited as true. Dkt. No. 24, at p. 7 (Mr. Zeitler's counsel . . . asked the VE the pertinent hypothetical, assuming the reports in the record were true."). Since those opinions will be reassessed by the ALJ, expert vocational testimony must be re-engaged in light of any findings made on remand. See Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999) (holding that hypothetical questions posed to a vocational expert "must be accurate, detailed, and supported by the medical record").

Plaintiff has not shown error under Rule 59(e).

## IV. ORDER

Based on the foregoing, the Motion to Amend the Judgment (Dkt. No. 24) is DENIED. The hearing scheduled for December 7, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: December 5, 2017

EDWARD J. DAVILA
United States District Judge

---

over that of a treating doctor. That does not mean, however, that no such corroborating factors exist in the record.

Case No.: 5:16-cv-00862-EJD
ORDER DENYING MOTION TO AMEND JUDGMENT
7